## STATE v. WESLEY SULLIVAN.

### *Abduction.*

An indictment for abduction of a female of the age of fifteen years, with intent to defile her cannot be supported at common law or under the act of 1879, ch. 81, (which relates to abduction of children under the age of *fourteen* years.)

---

STATE *v.* SULLIVAN.

---

INDICTMENT for abduction, tried at Spring Term, 1881, of ASHE Superior Court, before *McKoy, J.*

The indictment was found in the inferior court of Ashe county, and charges that the defendant did unlawfully take one Rebecca Thompson, an unmarried female of the age of *fifteen* years, out of the possession and against the will of her father, with the intent to defile her, and concludes against the form of the statute. After verdict and judgment against the defendant, he appeals to the superior court where the judgment was arrested, and thereupon the solicitor for the state appealed to this court.

*Attorney General*, for the State.
No counsel for defendant.

RUFFIN, J. We know of no statute that governs this case ; certainly the act of 1879, ch. 81, does not, for that has exclusive reference to the abduction of children under the age of *fourteen* years. Neither do we find any authority for such a prosecution as this at common law ; and in the absence of all precedent, and from the fact that it has been found necessary, as well in England as in many of the states in the Union, to pass statutes upon the subject, we must conclude that the indictment cannot be supported.

It is true that in a note to 2 Archbold's Criminal Practice, 301, to which our attention was called by the Attorney General, it is said that the abduction, or the enticing, or carrying away of any person by force or fraud, is an indictable offence at common law ; and as authority for the position, reference is made to 1 East P. C., 458, and 1 Russell on Crimes, 569. But upon looking to EAST, we find no sort of sanction given to such a position. On the contrary, it is there said that by virtue of the general prohibitory clause of the statute of 4 and 5 Phil. & M., ch. 8, an indictment for

he abduction of a child will lie by the rule of the common law, which rule, as explained, is that where a thing is prohibited to be done by a statute and a penalty is affixed to it by a separate and distinct clause, the prosecutor is not bound to pursue the latter remedy, but may proceed under the prior general clause by indictment for a misdemeanor. Not a single suggestion however is made that such indictment, in the absence of all statutory provision, can be maintained by force of the common law alone.

And still less support is given to the proposition by RUS-SELL. He says that the only reported case of a prosecution at common law for such an offence, is that against LORD GRAY, to be found in 9 (3) State Trials, 127. Upon examining into that case, we find it to be, not an indictment for abduction at all, but an information lodged against that lord and five others, by which they were charged with a *conspiracy*, the unlawful purpose of which was to entice the LADY HENRIETTA BERKLEY to quit her father's house and custody and live in secret adultery. And even in that case the court never proceeded to judgment, but a *nolle prosequi* was entered after a verdict of guilty, as to all the defendants.

In this state of the authorities, we feel compelled to sustain the judgment of the superior court.

No error.                                    Judgment arrested.