Commonwealth *v.* Hoffman, Appellant.

Argued September 11, 1974.   Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert V. Ritter, Jr.,* with him *Victor F. Cavacini,* and *Snyder, Doll & Schantz,* for appellant.

*Salvador J. Salazar,* Assistant District Attorney, with him *Charles H. Spaziani,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., December 11, 1974:

Appellant was indicted for maliciously soliciting and inciting another person to commit sodomy.[1]  However, in his charge to the jury at the conclusion of the trial, the trial judge charged on the crime of *assault* and solicitation to commit sodomy.  Appellant was then convicted of the crime as charged by the judge, and later sentenced for it.

We are concerned that a person could be indicted for one offense and convicted of another entirely different crime.[2]  An examination of the indictment form reveals that the crime listed on the back cover is at odds with the crime actually charged in the formal indictment.  It is possible that everyone involved with the case in the lower courts simply relied on the caption typed on the back cover to frame the charges and failed to read the actual indictment.  Considering the consequences, it is essential that all parties involved with the cases read

----

[1] Appellant was also indicted for and convicted of corrupting the morals of a minor.

[2] Although the crime indicted for and the crime convicted of are both defined in the same statute section, they are two different crimes and are not randomly interchangeable.  See Act of June 24, 1939, P. L. 872, §502 (18 P.S. §4502).

the indictment and ascertain exactly with what the defendant is charged.

A defendant cannot be convicted and sentenced for a crime of which he is not indicted. *Commonwealth v. Lee,* 454 Pa. 526, 312 A. 2d 391 (1973). We have no difficulty reversing the lower court decision on this point. Further, we cannot determine from the record if the convictions for solicitation and for corrupting the morals of a minor may have been based on and tainted by the improper conviction for assault. As the possibility for prejudice is very real, we are constrained to reverse those convictions as well. *Cf. Commonwealth v. Wadley,* 169 Pa. Superior Ct. 490, 83 A. 2d 417 (1951).

The judgment of sentence is reversed and a new trial granted on all charges.

---

CONCURRING AND DISSENTING OPINION BY VAN DER VOORT, J.:

With the granting to the appellant of a new trial on the charge of maliciously soliciting and inciting another person to commit sodomy I concur; however, I respectfully dissent from the granting of a new trial on the charge of corrupting the morals of a minor.

The appellant was indicted upon two charges: (1) Maliciously soliciting and inciting another person to commit sodomy; and (2) Corrupting the morals of a minor. The outside cover of the indictment in which the text charged maliciously soliciting and inciting another person to commit sodomy recited the charge as being assault and solicitation to commit sodomy. The trial judge charged the jury on the crimes of assault and solicitation to commit sodomy and corrupting the morals of a minor, without any objection by the appellant or his counsel. The jury returned a verdict of guilty on both charges. I concur in the action of the majority in vacating the judgment of sentence on the charge of assault and solicitation to commit sodomy and granting a

retrial on the charge of maliciously soliciting and inciting another person to commit sodomy; however, the offense of corrupting the morals of a minor was properly recited in the indictment, the judge charged on this offense correctly, and there was ample evidence to sustain the verdict of guilty. Certainly if there was enough evidence to persuade the jury of the crime of assault and solicitation to commit sodomy, there was ample evidence to warrant the verdict of corrupting the morals of a minor.

I would affirm the judgment of sentence on the charge of corrupting the morals of a minor.