Commonwealth *v.* Diaz, Appellant.

Submitted December 6, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Marianne E. Cox, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., June 24, 1975:

Appeal is taken to this Court from denial of appellant's motion to dismiss indictment and pursuant to certification of the case to us by the lower court and our allowance of this interlocutory appeal.

The facts are that appellant appeared before Judge Thomas SHIOMOS, sitting in the Philadelphia Municipal Court, on April 18, 1974, for a preliminary hearing upon charges of attempted rape, kidnapping, indecent assault, terroristic threats, and simple assault.[1] He purported to enter a plea of guilty to attempted rape to a bill of indictment by signing his name after the following words writ-

---

1. These are violations of the "Crimes Code," Sections 901, 2901, 3126, 2706 and 2701, Title 18, Consolidated Purdon's Statutes Annotated.

ten upon the magistrate's transcript: "Preliminary Hearing and Grand Jury waived (plea negotiated) defendant plead guilty to attempted rape." The judge thereupon sentenced him to five years probation. At said preliminary hearing, there of course had not yet been written any bill of indictment, although there is mention of appellant's desire to waive presentment of indictment to the grand jury. On application of the Commonwealth the judge discharged appellant as to the charges other than attempted rape.

Shortly thereafter it appeared to Judge SHIOMOS that the court lacked jurisdiction to accept a guilty plea and impose sentence. On April 22, 1974, a new complaint was made before Judge SHIOMOS and he issued a warrant for the re-arrest of appellant. On or about April 23, 1974, appellant appealed from the judgment of sentence to our Court;[2] he also filed a habeas corpus petition to the Philadelphia County Common Pleas Court. On April 24, 1974, Judge SHIOMOS vacated the guilty plea and the sentence of April 18, 1974. On April 29, 1974, appellant moved the lower court to dismiss the complaint and quash the re-arrest warrant; these were denied. On June 10, 1974, appellant was indicted for the crimes above stated. On September 23, 1974, appellant moved to suppress testimony and to dismiss the indictment. It is Judge Lisa RICHETTE'S denial of appellant's motion to dismiss the indictments which is the subject of this appeal.

The sole question which we will consider is appellant's argument that his entry of a guilty plea, and its acceptance by the court, precludes later prosecution for the same offense. Appellant's position brings into question the issue of jurisdiction existing in the lower court at the time of entry of the guilty plea. Therefore, we shall first examine

---

2. In the Superior Court of Pennsylvania, No. 879, October Term, 1974; the case was ordered remanded to the lower court on May 2, 1974.

the function of a grand jury indictment and a defendant's privilege to waive it, and secondly, jurisdiction of the court.

Article I, Section 10 of the Pennsylvania Constitution provides that no person shall be proceeded against except by indictment. We have referred to grand jurors as a body who "deliberate in their historic role of protecting individuals from arbitrary and overzealous prosecutions in cases lacking sufficient foundation." *Commonwealth v. Phillips*, 208 Pa. Superior Ct. 121, 129, 220 A.2d 345 (1966). Not only is a grand jury indictment a protection for the individual charged, it is also an embodiment of the charge upon which a trial court may ground its deliberation. The indictment thus becomes the foundation for the court's subject-matter jurisdiction.

A defendant may waive his Constitutional right to have an indictment presented to the grand jury, the procedure being that "[t]he waiver shall be endorsed on the bill of indictment and signed by the defendant and his attorney, if any." Pennsylvania Rule of Criminal Procedure 215(a), formerly Act of 1907, April 15, P.L. 62, Sec. 1 (19 P.S. §241). Thus a district attorney's bill of indictment, with defendant's waiver endorsed thereon, takes the place of an indictment returned by the grand jury. See *Commonwealth v. Howard*, 210 Pa. Superior Ct. 284, 289 A.2d 223 (1967), for the statement of this principle under the former provisions of 19 P.S. §241.

There is nothing in our Rules of Court which prevents a guilty plea from being entered at preliminary hearing. There is likewise nothing which precludes a hearing court from accepting defendant's waiver of indictment. But in order to be consistent with the Constitutional provision that there exist a bill of indictment, with Rule of Criminal Procedure 215 regarding waiver with defendant's endorsement, with case law regarding subject-matter jurisdiction, and with Rules of Criminal Procedure 141 and 143 regarding the function of a preliminary

hearing and the establishment of a prima facie case and possible disposition thereat, we hold that a bill of indictment or an indictment is a necessary concommitant to subject-matter jurisdiction before a sentence may be imposed for offenses in court cases. The duty of a judge presiding as an issuing authority is to hear the charges against a defendant and to determine whether or not a prima facie case is made out. If he determines that one has been made out he holds the defendant for court, then the posture of the case against the defendant takes on a new stance, where the existence of a bill of indictment or an indictment is necessary to properly delineate the charges. Indeed, should the defendant, as here, indicate a willingness to plead guilty and waive presentment, he should be held for court pursuant to Rule of Criminal Procedure 143 so that a bill of indictment may be prepared for the endorsement of defendant's waiver on it.

A guilty plea waives all nonjurisdictional issues. See *Commonwealth v. Allen,* 443 Pa. 447, 277 A.2d 818 (1971) and *Commonwealth v. Tolbert,* 450 Pa. 149, 299 A.2d 252 (1973). But ". . . lack of subject-matter jurisdiction can never be waived; it may be raised at any stage in the proceedings by the parties or by a court on its own motion." *Commonwealth v. Little,* 455 Pa. 163, 167, 314 A.2d 270, 272 (1974). In the instant case, appellant's guilty plea could not waive the jurisdictional defect of a lack of a bill of indictment.

We therefore hold that the acceptance of guilty plea and sentencing were a nullity, the court lacking jurisdiction. In the absence of an accusation sufficient to bring a case within the jurisdiction of the court imposing sentence, there can be no sentence, and this deficiency may not be waived. See *Commonwealth ex rel. Fagan v. Francies,* 53 Pa. Superior Ct. 278 (1913). The nullity of these proceedings against appellant was correctly perceived and they were properly vacated. Jeopardy did not attach because the Court did not have jurisdiction; con-

sequently, appellant's contention that the proceedings now lodged against him, evidenced by indictments, place him twice in jeopardy, is without merit.

Appellant further argues that Pa. R. Crim. P. 1100 (e) has been violated in that trial on the charges here in question did not proceed within ninety (90) days (now one hundred twenty (120) days) after our Order remanded the case to the trial court in May of 1974. Appellant mistakenly construes our remand to be an Order for a new trial. It did not have the effect of ordering a retrial for the reason especially that there has as yet been no trial. Such delay as has occurred in the trial upon the instant charges has been brought about by actions initiated by appellant and is attributable to him.

Order affirmed and case remanded for further proceedings upon the indictment.

JACOBS and SPAETH, JJ., concur in the result.