511 A.2d 1382

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Elmer Wilson CLARK, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 5, 1985.

Filed July 3, 1986.

---

Before SHAULIS, J.
Sandra W. Upor, Somerset, for appellant.

George B. Kaufman, Assistant District Attorney, Somerset, for Commonwealth, appellee.

Before WIEAND, POPOVICH and LIPEZ, JJ.

WIEAND, Judge:

Elmer Wilson Clark, on August 13, 1981, entered pleas of guilty to forgery, criminal attempt to cash a forged check and escape. He was sentenced to serve a term of imprisonment for not less than six years nor more than fourteen years. On January 19, 1983, Clark filed a P.C.H.A. petition in which he alleged that he had been denied his right of allocution. The petition was twice amended to include averments (1) that the sentencing court had failed to state adequate reasons for the sentence; (2) that the guilty plea court had failed to explain the elements of the crime of escape; and (3) that prior counsel had been ineffective for failing to raise these issues. Counsel was appointed to represent Clark, but the P.C.H.A. petition was denied without hearing. This appeal followed. We affirm.

The allocution issue was lacking in merit and did not require an evidentiary hearing. At sentencing, the court specifically asked Clark, "Is there anything else to be said?" to which Clark replied, "No, sir." This constituted full compliance with Pa.R.Crim.P. 1405(a). We have also examined the reasons for the sentence which the court imposed and find them adequate. Counsel was not ineffective for failing to pursue this issue in a motion to modify sentence.[1]

It is correct, of course, that "a guilty plea is valid only if the defendant understands the nature of the charges brought against him." *Commonwealth v. Campbell*, 309 Pa.Super. 214, 218, 455 A.2d 126, 128 (1983). However,

1. Appellant also contends that there were reasons why the sentencing court would have granted his request for modification of the sentence if they had been presented to the court. There is no merit in this contention. The reasons now suggested by appellant were trivial and would not have warranted a reduced sentence.

an esoteric explanation of the elements of the crime is not necessarily a prerequisite to constitutional validity of a guilty plea in all circumstances. The "true constitutional imperative is that the defendant receive 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" [*Commonwealth v. Shaffer*, 498 Pa. 342, 350, 446 A.2d 591, 595 (1982) ], quoting *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S.Ct. 2253, 2257–58, 49 L.Ed.2d 108, 114 (1976). Whether notice has been adequately imparted may be determined from the totality of the circumstances attendant upon the plea, *Shaffer* [446 A.2d] at 595, *see also Commonwealth v. Morales*, 452 Pa. 53, 305 A.2d 11 (1973), *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A.2d 196 (1968).

*Commonwealth v. Martinez*, 499 Pa. 417, 420, 453 A.2d 940, 942 (1982).

In the instant case, the guilty plea colloquy with respect to escape was as follows:

Q. And in the third case, No. 257 Criminal 1981, in which you are charged with Escape, a Felony of the third degree; did you Escape from the Somerset County Jail while you were imprisoned on that charge?

A. Yes, sir.

Q. Tell me how you escaped.

A. Well, I climbed up over the fense [sic] and down over the wall.

Q. From the roof?

A. Yes, sir.

Q. Did you have any authority to leave?

A. No, sir.

Q. Were you imprisoned there on this charge?

A. Yes, sir.

Q. Well, that is the other check charges.

A. Yes.

Q. Well, that's a Felony of the third degree, and can also carry with it a possible seven year prison sentence or fine or both. (N.T. 8/13/81, at 6–7).

■ The foregoing colloquy was adequate to impart to appellant that he was entering a plea of guilty to an escape from the Somerset County Jail because he had left without authority while subject to imprisonment on a charge of forgery. He had previously been told by the court, moreover, that the charge of forgery was a felony. In view of these instructions there were no additional elements of the crime of escape which remained to be explained. See: 18 Pa.C.S. § 5121. Moreover, the elements of the offense were straightforward and did not require further explanation in order to make them understandable. We conclude, therefore, that the colloquy accompanying appellant's plea of guilty to escape was adequate. A challenge to the validity of the guilty plea on this basis would have been meritless. Counsel was not ineffective for failing to make such a challenge.

Clark argues for the first time in this appeal that the trial court lacked jurisdiction to sentence him for escape because an information charging that offense had not been filed against him.[2] A review of the record discloses that a criminal complaint had been filed by the Sheriff of Somerset County in which the charge was escape in violation of 18 Pa.C.S. § 5121. Specifically, the complaint averred that on July 28, 1981, at 9:45 p.m., appellant "did unlawfully remove himself from official detention in the Somerset County Jail where he had been committed in lieu of bond on charge of Forgery, a felony." On August 13, 1981, appellant appeared before the trial court for the purpose of entering a plea of guilty to informations charging him with forgery and criminal attempt. At this hearing, appellant indicated his desire to plead guilty also to the escape charge so that he could be sentenced on all pending charges at the

2. Although this issue was not previously raised, it has not been waived. "[A]n objection to lack of subject-matter jurisdiction can never be waived." *Commonwealth v. Little,* 455 Pa. 163, 168, 314 A.2d 270, 272 (1974).

same time. The trial court conducted a full guilty plea colloquy and accepted appellant's plea of guilty to forgery, criminal attempt and escape.

Appellant's present argument is that a trial court lacks jurisdiction to accept a guilty plea to a crime not charged by information or indictment. We disagree. To invoke the jurisdiction of the court to accept a plea of guilty for a criminal offense,

> it is necessary that the Commonwealth confront the defendant with a formal and specific accusation of the crimes charged. This accusation enables the defendant to prepare any defenses available to him, and to protect himself against further prosecution for the same cause....

*Commonwealth v. Little*, 455 Pa. 163, 168–169, 314 A.2d 270, 273 (1974). In *Little*, the Supreme Court held that the requirement of "a formal and specific accusation" had been satisfied by an indictment returned by the grand jury and that the absence of a criminal complaint did not affect the subject-matter jurisdiction of the lower court.

Four years later, in *Commonwealth v. Diaz*, 477 Pa. 122, 383 A.2d 852 (1978), the Supreme Court again considered the necessity for "a formal and specific accusation" of the crimes charged. There, a defendant who had been charged with attempted rape, kidnapping, indecent assault and simple assault, waived a preliminary hearing, waived presentment to the grand jury, waived formal indictment and entered a plea of guilty to attempted rape. The remaining charges were nolle prossed, and the defendant was sentenced to probation for five years. Thereafter, he was indicted on the same charges. He moved to dismiss the charges, contending that his constitutional right to be free of double jeopardy was being violated. The Commonwealth argued that there could be no double jeopardy violation because the trial court, without an indictment, had lacked jurisdiction to accept the defendant's guilty plea and impose sentence upon him.

When the issue reached the Supreme Court, it held that the trial court had, in fact, had jurisdiction to accept the defendant's plea and to impose sentence. After discussing the constitutional requirement of formal notice, the Court said:

In the case before us, [defendant] had formal notice of the charges against him. The complaint filed against [defendant] was not so broad in its allegations that the specific conduct allegedly committed by [defendant] was in doubt. The complaint was specific as to the date of the crime, identified the victim of the crime, and specifically described the acts alleged to have been done by [defendant] during the attempted rape. Moreover, the specific facts underlying the charge of attempted rape were formally placed on the record in the presence of the [defendant] and [defendant's] counsel....

. . . .

We conclude that the requirement of *Little*, that the accused be given a formal notice of the charges has been satisfied in this case. There is no question concerning the specific charges to which the appellant pleaded guilty and for which he was sentenced on April 13, 1974. The trial court was therefore not divested of subject matter jurisdiction by any lack of notice to the defendant of the crimes of which he stood accused.

*Commonwealth v. Diaz, supra*, 477 Pa. at 126–127, 383 A.2d at 854–855.

Appellant's reliance on *Commonwealth v. Komatowski*, 347 Pa. 445, 32 A.2d 905 (1943) is misplaced. There, the defendant had been convicted by a jury "of a crime utterly unknown to the law." Moreover, the Court observed by way of dictum, the verdict of the jury had not been responsive to the charge contained in the indictment. Under these circumstances, the Court held, the defendant's motion in arrest of judgment should have been granted. Instead, the record showed, the trial court had sentenced the defendant for another crime of which he had not been convicted by the jury. This, the Supreme Court held, was error. This deci-

sion clearly is not determinative of a trial court's jurisdiction to accept a plea of guilty, at defendant's express request, to a charge then pending but for which an information has not yet been filed. Moreover, even if the dictum in *Komatowski* can possibly be construed as questioning a court's jurisdiction to accept a plea of guilty and impose a sentence to such a pending charge, we would nevertheless be required to follow *Diaz*. The holding of *Diaz* is later in time than the dictum in *Komatowski* and represents the most recent word of the Supreme Court on this issue.

■ In the instant case, as in *Diaz*, a criminal action for escape had been commenced against the defendant by the filing of a criminal complaint. That complaint contained averments which established with specificity the date and time of the escape, the prison facility where appellant had been confined at the time of his escape, and the names of the persons who had escaped with appellant. In order to enter a plea of guilty to this charge and dispose of all pending charges at one and the same time, appellant expressly waived the necessity for the prior filing of an information charging escape. During the guilty plea colloquy, he told the court exactly how the offense had been committed. Thus, appellant clearly had notice of and understood the charge of escape to which he was entering a plea of guilty. He had a full comprehension of the nature of the act for which he was being sentenced. This was "substantially equivalent" to an information and was sufficient to vest jurisdiction in the trial court to accept the guilty plea and impose sentence.

The order dismissing appellant's P.C.H.A. petition is affirmed.

LIPEZ, J., files a dissenting Opinion.

LIPEZ, Judge, dissenting:

I agree with the majority's disposition of all issues except

defendant's claim that he should be discharged for escape.[1] While the county sheriff filed a criminal complaint against defendant for the crime of escape, the district attorney never filed an information formally charging defendant with that crime. This would clearly seem to require defendant's discharge on his escape conviction, because as Chief Justice Maxey observed in a unanimous opinion for our Supreme Court:

No authority is needed to sustain the proposition that a defendant cannot be legally convicted of a crime neither charged in the indictment nor a necessary constituent of any crime so charged, but on those rare occasions when such a question has come before the appellate courts of this State they have consistently held as we hold in this case that such a conviction is a nullity.

*Commonwealth v. Komatowski,* 347 Pa. 445, 455–56, 32 A.2d 905, 910 (1943).

Since the time of *Komatowski,* almost all judicial districts in Pennsylvania, including the one involved in this case, have abandoned grand jury indictments and adopted informations filed by the district attorney as the instrument for formally charging defendants with crimes. *See* Pa.Const., art. 1, § 10 (Supp.1985); Pa.R.Crim.P. 225. The rule stated in *Komatowski,* however, is equally applicable to informations and this court has held that a trial court lacks jurisdiction to convict a defendant of a crime not charged in the information. *Commonwealth v. Speller,* 311 Pa.Super.Ct. 569, 579, 458 A.2d 198, 203–04 (1983). We have also held that the court has no jurisdiction to accept defendant's guilty plea to a crime not charged in the information. *Commonwealth v. Longo,* 269 Pa.Super.Ct. 502, 503–04, 410 A.2d 368, 369 (1979).

Since the defendant here pled guilty to escape, with which the district attorney had not charged him by information, the *Longo* case is directly on point, and the escape convic-

1. Our Supreme Court might well take this case to clarify this issue, since it is one of great technical difficulty, and involves interpretation of the court's own apparently conflicting opinions.

tion could be reversed and discharged without further explanation, were it not for *Commonwealth v. Diaz*, 477 Pa. 122, 383 A.2d 852 (1978), in which the Supreme Court unanimously held that a trial court did have jurisdiction, under the circumstances of that case, to accept a guilty plea to a charge as to which there had been no indictment filed. *Id.*, 477 Pa. at 127, 383 A.2d at 855. The unanimous opinion in *Diaz*, however, did not refer to the unanimous opinion in *Komatowski*, which seemed to hold exactly the opposite. This conflict cannot be resolved by viewing *Komatowski* as an old and outdated case, since its holding was a fundamental principle of law, which both the Supreme Court and this court en banc had recently restated at the time *Diaz* came before the Supreme Court. *See Commonwealth v. Lee*, 454 Pa. 526, 528, 312 A.2d 391, 392 (1973);[2] *Commonwealth v. Hoffman*, 230 Pa.Super.Ct. 444, 446, 331 A.2d 805, 806 (1974).

Although *Komatowski* involved a trial and *Diaz* involved a guilty plea, there is nothing in the *Diaz* opinion to suggest that the different result in that case was based on the fact that a guilty plea, rather than a trial, was involved. Thus we seem to have two unanimous Supreme Court opinions contradicting each other. I believe the cases can only be reconciled by close analysis of the discussion in the *Diaz* opinion in the context of the facts of the case.

The *Diaz* opinion quoted the trial court's summary of the facts as follows:

"On April 13, 1974, the defendant, Anibal Diaz, was arrested and charged with Attempted Rape, Kidnapping,

**2.** Like the *Komatowski* case, *Commonwealth v. Lee, supra,* appears to contradict *Diaz,* since *Lee* cites *Komatowski* for the following proposition: "One cannot be convicted or sentenced for an indictable offense unless the grand jury has approved an indictment covering that offense." What makes this particularly astonishing is that the *Lee* and *Diaz* opinions were written by the same author. Further compounding the confusion is the fact that only a year after *Diaz,* which superficially seems to hold that even a jurisdictional issue is waivable, the author of *Diaz* argued in a lone dissent that even a nonjurisdictional issue should not be waivable. *Commonwealth v. Montgomery,* 485 Pa. 110, 115, 401 A.2d 318, 320 (1979) (dissenting opinion).

Indecent Assault and Simple Assault. On April 18, 1974, the defendant appeared before Judge Thomas N. Shiomos. The defendant knowingly and intelligently waived the preliminary hearing, presentment to the Grand Jury and indictment, and entered a plea of guilty on the Municipal Court transcript to the charge of Attempted Rape. In return for the guilty plea, the Commonwealth moved to nolle prosse the remaining charges. Thereupon, Judge Shiomos, sitting as a Judge of the Court of Common Pleas, accepted the guilty plea and sentenced the defendant to five years probation."

*Commonwealth v. Diaz, supra,* 477 Pa. at 124, 383 A.2d at 853.

The Commonwealth later indicted defendant for the same charges, and defendant moved to dismiss the indictment on double jeopardy grounds. The Commonwealth argued that there was no double jeopardy violation in reprosecuting defendant on the same charges, because the trial court had not had jurisdiction to accept defendant's guilty plea, since there was no indictment at the time the guilty plea had been accepted. The Supreme Court rejected this argument, discussing the issue as follows:

If the trial court had subject matter jurisdiction, appellant was placed in jeopardy, within the meaning of the constitutional protections, on April 13, 1974, when he pleaded guilty in conjunction with the plea bargain and was sentenced for the crimes of which he was accused. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The prosecution argues that the trial court did not have subject matter jurisdiction because an indictment was necessary to invoke that court's jurisdiction. The prosecution relies principally on *Commonwealth v. Little,* 455 Pa. 163, 314 A.2d 270 (1974), and *Commonwealth ex rel. Fagan v. Francies,* 53 Pa.Super. 278 (1913). According to the prosecution, these cases hold that a court's subject matter jurisdiction cannot be invoked absent an indictment. We do not accept the

prosecution's statement of the holdings of these cases. In *Commonwealth v. Little*, we said:

"The right to *formal notice of charges*, guaranteed by the Sixth Amendment to the Federal Constitution and by Article I, Section 9 of the Pennsylvania Constitution, is so basic to the fairness of subsequent proceedings that it cannot be waived even if the defendant voluntarily submits to the jurisdiction of the court. *Albrecht v. United States*, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505 (1927); *Commonwealth ex rel. Fagan v. Francies*, 53 Pa.Super. 278 (1913)." (Emphasis added.) 455 Pa. at 168–169, 314 A.2d at 273.

We further said in *Little, supra:*

"In the case before us, the requirement of notice to the defendant is fully satisfied by the indictment returned by the grand jury. *Id.* 455 Pa. at 169, 314 A.2d at 273.

The prosecution misreads *Little*. *Little* said that there must be a "formal notice of charges," and that "the requirement of notice ... is fully satisfied by the indictment." *Little* did not say that an indictment was the only way to satisfy the requirement of formal notice.

Likewise, in *Fagan, supra*, cited in *Little*, the Superior Court said:

"The objection that the case was not certified into the oyer and terminer may be regarded as technical, but the objection that no court had power to impose the sentence, except upon an indictment, *without the relator's express and unequivocal consent*, is not technical but substantial." (Emphasis added.)

*Fagan*, like *Little*, was concerned with whether there had been a formal notice of charges. Had there been an "express and unequivocal consent" in *Fagan*, an indictment would have been dispensable.

*Commonwealth v. Diaz, supra*, 477 Pa. at 124–25, 383 A.2d at 854.

The opinion in *Diaz* went on to determine that the formal notice requirement had been satisfied without an indictment

under the specific facts of that case, but this determination can only be understood against the background of the above-quoted discussion of the *Little* and *Fagan* cases. The significant point about this discussion is that it clearly does not discard the long-standing rule that the requirement of formal notice of charge is jurisdictional, and therefore cannot be waived. Instead, *Diaz* says that *Little* leaves open the possibility of satisfying the formal notice requirement by means other than an indictment. The only specific reference to any means other than an indictment is the quotation from *Fagan*, referring to an "express and unequivocal consent."

When read only in the context of the single sentence from *Fagan* quoted in *Diaz*, the phrase "express and unequivocal consent" might be interpreted to mean consent to the jurisdiction of the court, but such an interpretation would be inconsistent with the statement *Diaz* had just quoted from *Little*, that there could be no waiver "even if the defendant voluntarily submits to the jurisdiction of the court." When the phrase "express and unequivocal consent" is read in the context of the full opinion in *Fagan*, however, it becomes clear that what appears to be a vague and open-ended expression was intended to have a quite specific meaning. It refers to a procedure under the Act of April 15, 1907, P.L. 62, § 1, 19 P.S. § 241, whereby a defendant could waive grand jury action of an indictment by endorsing the waiver on a bill of indictment prepared by the Commonwealth.

It was only action by the grand jury that was waived by the procedure under the Act of 1907. There still had to be a bill of indictment, an instrument by which the district attorney formally charged the defendant with a specific crime or crimes, as a basis for the jurisdiction of the court. *See Commonwealth ex rel. Fagan v. Francies, supra,* 53 Pa. Super.Ct. at 290. This remained true when the Act of 1907 was supplanted by an essentially similar procedure in Rule of Criminal Procedure 215, adopted by the Supreme Court in 1964.

With the understanding that the "express and unequivocal consent" approved by the *Diaz* opinion refers to the procedure for waiver of grand jury action under the Act of 1907 and Rule 215, it is possible to make sense of the *Diaz* holding that the court had jurisdiction under the circumstances of the case, even though there had been no indictment. Most of the *Diaz* opinion's discussion of the circumstances on which it relied consists of a lengthy quotation from the Municipal Court transcript of a statement by the prosecutor of the specific facts underlying the charges.[3] This transcript, which defendant endorsed with his waiver of grand jury action,[4] thus provided the substantial equivalent of a bill of indictment prepared by the Commonwealth.

From this close reading of the entire discussion in the Supreme Court's opinion in *Diaz*, it is possible to glean the essential holding that the specific facts of *Diaz* represented a case of substantial compliance with Rule of Criminal Procedure 215. While the opinion is not explicit concerning this or any other rationale,[5] this is the only way to reconcile

3. The quotation from the Municipal Court transcript is preceded by a brief reference to the sufficiency of the criminal complaint, but there is no indication that a complaint alone would be sufficient to confer criminal jurisdiction. *Commonwealth v. Little, supra,* 455 Pa. at 169, 314 A.2d at 273, held that the absence of a complaint did not deprive the court of criminal jurisdiction, which was conferred by the indictment. It would seem to follow from the reasoning of *Little* that something as insignificant to the jurisdictional issue as a criminal complaint could not by itself substitute for something as important as the indictment. Since *Diaz* purported to be consistent with *Little*, the brief mention of the criminal complaint in *Diaz* should be interpreted as simply one factor the Court took into consideration in holding that under all the circumstances, the unusual procedure followed by the Commonwealth amounted to the substantial equivalent of filing a bill of indictment under Rule of Criminal Procedure 215.

4. According to the trial court's statement of facts, which the Supreme Court quoted, "The defendant knowingly and intelligently waived the preliminary hearing, presentment to the Grand Jury and indictment, and entered a plea of guilty on the Municipal Court transcript to the charge of Attempted Rape." *Commonwealth v. Diaz, supra,* 477 Pa. at 124, 383 A.2d at 853.

5. It is not clear why the Supreme Court's opinion fails to mention Rule 215 explicitly, since the Superior Court, whose judgment was reversed by the Supreme Court, had discussed the rule in holding that an indictment or a bill of indictment was necessary to the court's

the *Diaz* opinion with *Little* and *Fagan,* which *Diaz* approved, as well as the Supreme Court's unanimous holding in *Commonwealth v. Komatowski, supra,* that the court has no jurisdiction to convict or sentence a defendant for a crime for which he has not been indicted.[6]

criminal jurisdiction. *Commonwealth v. Diaz,* 235 Pa.Super.Ct. 352, 355–56, 340 A.2d 559, 561 (1975). The Superior Court, however, had not mentioned the possibility that even though no bill of indictment had been formally drawn up, the Municipal Court transcript with defendant's waiver endorsement constituted the substantial equivalent of the Rule 215 bill of indictment, and this interpretation is the only one which fits the facts cited in the Supreme Court's opinion. *Cf. Commonwealth ex rel. Kolodziejski v. Tancredi,* 222 Pa.Super.Ct. 436, 443–44, 295 A.2d 174, 178 (1972) (citing factors supporting a finding of a lack of substantial compliance with Rule 215).

**6.** An alternative route by which the *Diaz* result could have been justified would have been to distinguish *Diaz* from *Komatowski* and its progeny, in that the *Komatowski* type of case involves a defendant who claims the court had no jurisdiction to try him unless the attorney for the Commonwealth files a formal charge, while *Diaz* involved a defendant who was being prosecuted for the second time on the same charges, and the Commonwealth opposed the defendant's double jeopardy claim on the ground that the court had no jurisdiction over the first set of charges, which were void. The *Diaz* Court could simply have held that the whole question of jurisdiction over the first set of charges, along with the "void—voidable" distinction, has no relevance in the double jeopardy context. In effect, the Commonwealth would be estopped from disclaiming the validity of the original set of charges it had brought. The United States Supreme Court had at least left the door open to this approach in *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), a case cited by the Pennsylvania Supreme Court in *Diaz,* 477 Pa. at 124, 383 A.2d at 854. In *Benton,* the U.S. Supreme Court called the government's argument that the defective first indictment involved in that case was void "a bit strange," 305 U.S. at 796, 89 S.Ct. at 2063, but did not go so far as to hold that the "void-voidable" distinction should be eliminated entirely in the double jeopardy context, as it was unnecessary in that case, since under *Ball v. United States,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896), the defective first indictment was merely voidable. *Benton v. Maryland, supra,* 395 U.S. at 797, 89 S.Ct. at 2064. This would certainly have permitted the Pennsylvania Supreme Court to throw out the void-voidable distinction entirely in a case such as *Diaz,* where there was no indictment at all, rather than merely a defective one as in *Benton,* making it much more difficult in *Diaz* to characterize the original charges as merely voidable. The *Diaz* Court could also have bypassed federal law entirely by holding that double jeopardy claims under the Pennsylvania Constitution do not require that the first set of charges be voidable rather than absolutely void, although perhaps the Court did not do this because of the confusion surrounding the applicability of the double jeopardy clause

In the case before us, there is no question of substantial compliance as in *Diaz.* There was simply no information or indictment or any other instrument filed with the court by the district attorney formally charging defendant with the crime of escape.[7] The court below therefore had no jurisdiction to accept defendant's guilty plea to escape, or to sentence him for that crime. *Commonwealth v. Komatowski, supra; Commonwealth v. Speller, supra; Commonwealth v. Longo, supra.* Defendant should therefore be discharged for escape.

of the Pennsylvania Constitution to non-capital cases at the time of the *Diaz* decision. *See generally Commonwealth v. Boerner*, 281 Pa.Super.Ct. 505, 513–15 & nn. 7–11, 422 A.2d 583, 587–88 & nn. 7–11 (1980), *petition for allowance of appeal denied* (1981). In any event, I have not relied on these alternative approaches, since the *Diaz* opinion does not indicate they provided a basis for the Court's decision.

7. A criminal complaint was filed by the sheriff charging defendant with escape, but as previously discussed, a criminal complaint alone is insufficient. *See* note 3, *supra.*