603 A.2d 1060

COMMONWEALTH of Pennsylvania

v.

**Derrick W. ANDERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 25, 1991.

Filed Feb. 27, 1992.

John W. Packel, Asst. Public Defender, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before OLSZEWSKI, KELLY and BROSKY, JJ.

KELLY, Judge:

In this opinion we are called upon to determine whether a defendant retains a right of allocution at a reconsideration of sentence hearing.[1] We find that where, as here, the original sentence is vacated prior to the reconsideration hearing, criminal defendants do have such a right, and that because appellant was not provided with an opportunity to personally address the court, his sentence is invalid. Accordingly, we vacate his sentence and remand for resentencing.

The facts and procedural history may be summarized as follows. On August 18, 1990, appellant stabbed Gregory Bivings in the chest and robbed him of four dollars. On March 7, 1991, appellant was tried without a jury and found guilty of robbery,[2] aggravated assault,[3] and possession of an instrument of crime.[4] On May 2, 1991, the trial court

---

[1.] Appellant raises additional issues relating to sentencing. Because this opinion vacates appellant's sentence based on denial of appellant's right to allocution, we need not address appellant's other arguments which are rendered moot by the vacating of sentence.

[2.] 18 Pa.C.S.A. § 3701.

[3.] 18 Pa.C.S.A. § 2702.

[4.] 18 Pa.C.S.A. § 907.

sentenced appellant to an aggregate term of nine to eighteen years imprisonment.

On May 8, 1991, the defense filed a timely motion to modify sentence and the trial court vacated the original sentence to allow for reconsideration. On May 31, 1991, the trial court held a reconsideration of sentence hearing. After hearing arguments from both sides, the trial court asked, "Anything further from either side?" Appellant's counsel replied, "No sir." At the close of the hearing, the trial court reimposed the original sentence. Appellant filed a timely appeal to this Court on June 10, 1991.

■ On appeal appellant contends that he had a right of allocution at the reconsideration of sentence hearing pursuant to Pennsylvania Rule of Criminal Procedure 1405, Pennsylvania's codification of the right, which states:

> The judge shall afford the defendant the opportunity to make a statement in his own behalf and afford counsel for both parties an opportunity to present argument and information relative to sentencing.

Pa.R.Crim.P. 1405(a). Appellant asserts that because his original sentence had been vacated, he stood before the court as an unsentenced defendant and should therefore have been afforded his right to personally address the court before sentencing. We agree.

The right of allocution, whereby the defendant is permitted to address the court in an attempt to mitigate punishment, is not a new development. "As early as 1689, the common law acknowledged that a court's failure to invite the defendant to speak before sentencing required reversal." *United States v. Barnes,* 948 F.2d 325, 328 (7th Cir.1991) (citing *Anonymous,* 3 Mod. 265, 266, 87 Eng.Rep. 175 (K.B. 1689)). Pennsylvania Rule of Criminal Procedure 1405(a) has codified the right of allocution for all those who stand convicted of crimes. *Commonwealth v. Thomas,* 520 Pa. 206, 553 A.2d 918 (1989). Failure to grant a defendant his right to address the court prior to sentencing requires reversal. *Commonwealth v. Thomas,* 520 Pa. 206, 553

A.2d 918 (1989); *Commonwealth v. Knighton,* 490 Pa. 16, 415 A.2d 9 (1980); *Commonwealth v. Brown,* 342 Pa.Super. 249, 492 A.2d 745 (1985).

█ This Court has found the defendant's right of allocution so important that it requires it to be afforded even if the sentence to be imposed is mandatory. *Commonwealth v. Melvin,* 392 Pa.Super. 224, 572 A.2d 773 (1990). In *Melvin,* this Court enunciated the purpose of the right of allocution:

> [The right of allocution] is an opportunity for the defendant to face the court 'man to man,' without intermediaries or filtered exchanges. Such an opportunity is inherent and desirable in our form of individualized justice, and unless restricted by the Supreme Court at a future date, we feel compelled to retain it....

*Melvin,* 392 Pa.Super. at 231, 572 A.2d at 776.

The question presented here, whether and under what circumstances the right to allocution extends to a reconsideration of sentence hearing, has not been considered before in Pennsylvania. It has, however, been considered in the federal courts. We look there for guidance.

In *United States v. Barnes,* 948 F.2d 325 (7th Cir.1991), the defendant was convicted of violating his probation and sentenced to a five year prison term. The trial court granted the defendant the right of allocution. The seventh circuit vacated the sentence of the trial court and remanded the case because of concerns unrelated to the defendant's right of allocution. On remand, the trial court complied with the appellate court's direction, but again sentenced the defendant to a five year prison term. At the second hearing, the defendant was not afforded his right to address the court.

On appeal, presented with the question of the propriety of the denial of the second allocution, the seventh circuit reasoned that,

> the effect of the order to vacate was to nullify Barnes' sentence. Accordingly, when Barnes appeared before the

trial judge on remand, he did so with *a clean slate* as far as sentencing was concerned; his previous sentence was not to be rubber stamped, but instead a new sentencing determination was to be made. Along with a new sentencing determination came the right to address the court.

*Barnes*, 948 F.2d at 330. The court of appeals therefore concluded that "the purpose underlying the right of allocution—to allow defendants an opportunity to mitigate their punishment—is best served by permitting defendants to address the court ... in cases in which resentencing follows a vacated sentence." *Barnes*, 948 F.2d at 332. We find such reasoning persuasive herein.

The purpose underlying the right of allocution in Pennsylvania, like the purpose of the right of allocution considered in *Barnes*, is to give defendants an opportunity to mitigate their punishment. *Commonwealth v. Thomas*, 520 Pa. at 209, 553 A.2d at 918. In the case *sub judice*, as in *Barnes*, the appellant's sentence was vacated. When a judgment has been vacated it is entirely destroyed and "the rights of the parties are left as though no judgment has been entered." *Rufo v. Bastian–Blessing Co.*, 420 Pa. 416, 418, 218 A.2d 333, 334 (1966); *Higbee Estate*, 372 Pa. 233, 237, 93 A.2d 467, 469 (1953); *Malicia v. Proietta Catering & Cocktail Lounge*, 270 Pa.Super. 342, 344, 411 A.2d 751, 752 (1980). Therefore, appellant was in effect being sentenced anew. Such a *de novo* sentencing resuscitates the duties of the sentencing court and the rights of the defendant, including the defendant's right to personally address the court.

The Commonwealth argues that because the principal purpose of the rule allowing a defendant to file a motion to modify sentence is not to provide the defendant with a second opportunity to mitigate his sentence, but to provide the trial court with the first opportunity to modify its sentence and correct any errors that may have occurred at sentencing, it is purposeless to provide a defendant a right of allocution at the resentencing hearing. While this may be true in some cases, it is not where, as here, appellant's

sentence has been vacated. In such a case, the purpose of the resentencing becomes the same as the purpose for the original sentencing. No distinction can be found.

The Commonwealth alternatively contends that, assuming *arguendo,* the right of allocution is retained at reconsideration of sentence hearings after the original sentence has been vacated, appellant is due no relief here because he was in fact afforded this right. The Commonwealth maintains that the trial court's question, "Anything further from either side?" and appellant's counsel's reply, "No sir," constituted full compliance with Pa.R.Crim.P. 1405(a). In support of its position, the Commonwealth cites *Commonwealth v. Clark,* 354 Pa.Super. 366, 511 A.2d 1382 (1986), *app. denied,* 513 Pa. 633, 520 A.2d 1384 (1987). We find the Commonwealth's reliance on this case misplaced.

In *Commonwealth v. Clark, supra,* the trial court specifically asked defendant Clark, "Is there anything else to be said?", to which Clark replied, "No sir." *Clark,* 354 Pa.Super. at 368, 511 A.2d at 1382. This Court found this exchange satisfied the defendant's right of allocution under Pa.R.Crim.P. 1405(a). *Id. Clark,* however superficially similar, is materially distinguishable from the case *sub judice.* Here, unlike in *Clark,* the trial judge did not specifically address appellant. Rather, the trial judge addressed appellant's counsel and *it was appellant's counsel that replied,* "No sir." The defendant in *Clark* was informed that he had a right to address the court as evidenced by the fact *he personally* responded "No sir" to the trial court's question. This distinction is materially significant herein.

In *Commonwealth v. Thomas, supra,* our Supreme Court stated:

Since a trial judge will not know in most cases whether a defendant is aware of his right to address the court prior to sentencing, but Rule 1405 requires the court to afford the defendant an opportunity to speak, we understand Rule 1405 to require the trial court *to inform the defendant* of his right to speak prior to sentencing.

*Thomas,* 520 Pa. at 208, 553 A.2d at 919 (emphasis added). Interpreting *Thomas,* this Court in *Commonwealth v. Melvin, supra,* was asked to decide whether the trial court's question, "Is there anything to be said before the court pronounces sentence?", served to inform the appellant of his right to speak. Despite the fact that counsel availed himself of the opportunity to argue on behalf of the defendant, the *Melvin* Court concluded:

> No one, however, informed the *appellant* he could address the court or asked him if he had anything he wanted to say. Accordingly, we remand for resentencing....

*Melvin,* 392 Pa.Super. at 230, 572 A.2d at 776 (emphasis added).

██ We discern from *Clark, Melvin* and *Thomas* that the right of allocution is so personal and essential in nature that unless the Court *directly* and *specifically* asks the defendant whether he or she chooses to speak, no right of allocution has been effectively granted. Here, as in *Melvin,* the opportunity to speak was not given directly and specifically to appellant, but rather to his counsel. We are left with no other conclusion, in light of the relevant precedent, therefore, than to consider that appellant was deprived of his absolute right to allocution. Accordingly, we must reverse and remand this case to the trial court for resentencing at which time the court shall inform the appellant of his right to speak prior to imposition of sentence.

Judgment of sentence vacated. Case remanded to the trial court for proceedings consistent with this opinion. Jurisdiction relinquished.