649 A.2d 432

COMMONWEALTH of Pennsylvania, Appellee,

v.

Arthur James COLLINS, Jr., Appellant.

Supreme Court of Pennsylvania.

Submitted Sept. 19, 1994.

Decided Nov. 3, 1994.

478

Lester G. Nauhaus, Public Defender, Shelley Stark, Chief–Appellate Div., James R. Wilson, Appellate Counsel, for appellant.

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., Kemal A. Mericli, Scott A. Bradley, Asst. Dist. Attys., for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## ORDER

PER CURIAM.

The only issue raised in this appeal is whether the Superior Court erred in failing to appoint new counsel to address the ineffective assistance of counsel claims which Arthur James Collins, Jr. (Appellant) sought to advance before that court. Appellant is currently being represented by a member of the Public Defender's Office of Allegheny County and was also represented by a member of that office when he entered a guilty plea to two counts of possession of a controlled substance and to two counts of possession with intent to deliver a controlled substance before the Honorable Paul F. Lutty, Judge of the Court of Common Pleas of Allegheny County. Pursuant to a plea agreement, the trial court sentenced Appellant to five years probation for one count of possession with intent to deliver a controlled substance and costs.

Before the Superior Court, Appellant attempted to challenge his guilty plea on the basis that it was unlawfully induced by constitutionally infirm, incriminating evidence and trial counsel's ineffectiveness for advising him to plead guilty without first pursuing an outstanding suppression motion. Where appellate counsel attempts to raise claims challenging

the effectiveness of another attorney from the same office, the matter should be remanded for appointment of new counsel unless (1) it is clear from the record that counsel was ineffective, or (2) it is clear from the record that the ineffectiveness claim is meritless. *Commonwealth v. McBee,* 513 Pa. 255, 261, 520 A.2d 10, 13 (1986).

■ The Superior Court, in its unpublished memorandum opinion, concluded that the ineffectiveness claim was waived because trial counsel failed to file a motion challenging his guilty plea. This conclusion overlooks the fact that the failure to challenge the guilty plea may have been, in and of itself, ineffective assistance of counsel provided by the same office. Moreover, since current counsel was not required to argue its own ineffectiveness, the failure to argue ineffectiveness with regard to withdrawing the guilty plea can be excused and it was premature for the Superior Court to conclude that trial counsel's actions operated as a waiver of Appellant's rights to raise this issue.

Since it is not clear from the record that the ineffectiveness claim is meritless, we vacate the judgment entered in this case and remand the matter to the Superior Court for the appointment of new counsel and to address Appellant's ineffectiveness claims.

Jurisdiction relinquished.

MONTEMURO, J., is sitting by designation.