**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Ernest TIGNEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 1, 1999.
Filed April 19, 1999.

James R. Wilson, Pittsburgh, for appellant.

Sandra Preuhs, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before EAKIN, J., ORIE MELVIN, J., and CERCONE, President Judge Emeritus.

ORIE MELVIN, J.:

¶ 1 Appellant, Ernest Tigney, appeals from the judgment of sentence entered on March 19, 1998, upon the revocation of probation in which he was sentenced to a term of imprisonment of two and one-half (2½) to seven (7) years. The Appellant claims trial counsel was ineffective for not raising an objection to the trial court's failure to inform him of his right of allocution pursuant to Pa.R.Crim.P. 1409(C)(1). The Appellant further claims trial counsel was ineffective for failing to raise this issue in post-sentence motions. We find the Appellant was not informed of his right to speak or provided an opportunity to personally address the court. Accordingly, we find trial counsel ineffective and vacate Appellant's judgment of sentence and remand for resentencing.

¶ 2 The facts and procedural history may be summarized as follows. On August 31, 1987 the Appellant was found guilty at No. CC 8704111A of one count of involuntary deviate sexual intercourse, 18 Pa.C.S.A. § 3123, and one count of corruption of minors, 18 Pa.C.S.A. § 6301. On March 1, 1988 the Appellant was sentenced on the corruption of minors conviction to a term of imprisonment of eleven and one-half (11½) to twenty-three (23) months followed by a ten-year probationary sentence on the involuntary deviate sexual intercourse conviction. The Appellant was paroled July 13, 1988. On January 14, 1998 the Appellant entered a guilty plea to one count of corruption of minors at No. CC 9606150. A hearing was held March 19, 1998, and the Appellant's probationary status was revoked. The Appellant was sentenced to a term of imprisonment of two and one-half (2½) to seven (7) years. Post-sentence motions were filed and denied. This appeal followed.

¶ 3 In reviewing a claim of ineffective assistance, the law presumes that trial counsel was not ineffective, and the defendant bears the burden of proving otherwise. *Commonwealth v. Hall*, 549 Pa. 269, 701 A.2d 190 (1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1534, 140 L.Ed.2d 684 (1998). To establish an ineffective assistance of counsel claim, the Appellant must show: (1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999).

¶ 4 In the instant case, we find trial counsel was ineffective for not raising an objection to the trial court's failure to inform the Appellant of his right to speak. Pennsylvania Rule of Criminal Procedure 1409(C)(1), **Violation of Probation, Intermediate Punishment, or Parole; Hearing and Disposition**, provides that "[a]t the time of sentencing, the judge **shall** afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing." Pa. R.Crim.P. 1409(C)(1), 42 Pa.C.S.A. (emphasis added). This same provision is found in Pa.R.Crim.P. 1405(C)(1), **Procedure at Time of Sentencing**. Our Supreme Court has interpreted this provision to require a trial court to inform a defendant of his right to speak prior to being sentenced. *Commonwealth v. Thomas*, 520 Pa. 206, 208, 553 A.2d 918, 919 (1989). Failure to inform a defendant prior to sentencing of his right of allocution under Pa.R.Crim.P. 1405(C)(1) requires the case be remanded for resentencing so that a defendant may be advised of his right to address the court. *Commonwealth v. Barzyk*, 692 A.2d 211, 215 (Pa.Super.1997). *See also Commonwealth v. Anderson*, 412

Pa.Super. 527, 603 A.2d 1060, 1062 (1992) (holding failure to grant a defendant the right to address the court prior to sentencing under Rule 1405 requires reversal).

¶ 5 The Commonwealth concedes the Appellant was not informed of his right of allocution during the probation revocation hearing, and counsel's failure to raise such an objection constitutes ineffective assistance of counsel.[1]  In light of the fact there is no case law which directly addresses the relief warranted under Rule 1409(C)(1) for failure to inform a defendant of his right of allocution, we extend the same principle established by the interpretive decisions under the identical provision found in Rule 1405(C)(1). Therefore, we vacate the judgment of sentence and remand for resentencing in accordance with this opinion.  Jurisdiction relinquished.

---

1. We recognize that appellate counsel and probation revocation counsel are both affiliated with the Allegheny County Public Defender's Office.  It is well-settled that when counsel raises a claim challenging the effectiveness of another attorney from the same office, the matter should be remanded for appointment of new counsel *unless* :  (1) it is clear from the record that counsel was ineffective; or (2) it is clear from the record that the ineffectiveness claim is meritless.  *Commonwealth v. Collins*, 538 Pa. 477, 479, 649 A.2d 432, 433 (1994) (citing *Commonwealth v. McBee*, 513 Pa. 255, 261, 520 A.2d 10, 13 (1986)).  After review of the Appellant's claim, we find it is clear from the record that counsel was ineffective in failing to call the trial court's attention to its failure to inform the Appellant of his right to speak.  Therefore, remanding for appointment of new counsel is not warranted.