J-S19031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                  : PENNSYLVANIA
                  v.                              :
                                                  :
KYLE M. ROSCOE,                                   :
                                                  :
                  Appellant                       : No. 2503 EDA 2014

Appeal from the Judgment of Sentence July 17, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0010286-2010

BEFORE: BENDER, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                  **FILED MARCH 16, 2016**

Kyle M. Roscoe ("Roscoe") appeals from the judgment of sentence imposed following the revocation of his probation. We reverse and remand for resentencing.

On August 6, 2010, Roscoe pled guilty to possession with intent to deliver ("PWID") and criminal conspiracy[1] before the Honorable Rayford Means ("Judge Means") in the Court of Common Pleas of Philadelphia County. The trial court sentenced him to three years of probation for the PWID conviction and three years of probation for the conspiracy conviction, to be served consecutively.

On September 20, 2011, Roscoe pled guilty to one count of murder of the third degree and one count of person not to possess, use, manufacture,

---

[1] *See* 35 Pa.C.S.A. § 780-113; 18 Pa.C.S.A. § 903.

control, sell or transfer firearms.[2]   The trial court sentenced Roscoe to twenty to forty years in prison on the murder conviction and a consecutive prison term of five to ten years on the firearms conviction.

On November 16, 2012, a probation violation hearing was held before Judge Means, at which Roscoe was found to be in direct violation of his probation based on the September 2011 convictions.  At the hearing, Judge Means explained to Roscoe that he had a right of allocution, and Roscoe exercised this right.  Thereafter, the trial court revoked Roscoe's probation and imposed sentences of five to ten years in prison for both the PWID conviction and conspiracy conviction, to run consecutive to each other and the 2011 sentence.

On November 26, 2012, Roscoe filed a Motion for Reconsideration of Sentence.  That same day, the trial court vacated Roscoe's sentence and scheduled a new sentencing hearing.  At the resentencing hearing on July 17, 2014, the trial court did not explain to Roscoe that he had a right of allocution, and Roscoe did not exercise this right.  After the hearing, the trial court reimposed the probation violation sentence.  On July 28, 2014, Roscoe filed a timely Motion for Reconsideration, stating that the trial court failed to provide Roscoe with an opportunity for allocution at the July 17, 2014 sentencing hearing.  Before the trial court ruled on the Motion, Roscoe filed a

---

[2] **See** 18 Pa.C.S.A. §§ 2502, 6105.

Notice of Appeal.[3] Thereafter, Roscoe filed a court-ordered Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal.

Roscoe now presents the following claims for our review:

1. Did [] the lower court fail to afford [Roscoe] his right to allocution at the July 17, 2014[,] revocation hearing?

2. Did not the lower court err, abuse its discretion, and violate general sentencing principles when, following the revocation of probation, the lower court imposed an aggregate sentence of 10 to 20 years incarceration, to be served consecutively to the underlying direct violation term of 25 to 50 years[] confinement, where this sentence was manifestly excessive and unreasonable, far surpassed what was required to protect the public[,] and went well beyond what was necessary to foster [Roscoe's] rehabilitation?

Brief for Appellant at 4.

In his first claim, Roscoe argues that, at his resentencing hearing, he was not given the opportunity to make a statement to the court prior to sentencing. *Id.* at 16; *see also id.* at 16-17 (arguing that the Pennsylvania Rules of Criminal Procedure require a right to allocution). Roscoe contends that the lower court neither informed him of his right nor gave him a chance to speak. *Id.* at 18; *see also id.* (wherein Roscoe claims that the failure to allow him to speak was particularly detrimental because the hearing was conducted via video and malfunctions occurred with the equipment, such that the court had to halt the proceeding due to Roscoe's inability to hear).

---

[3] The docket reflects that the trial court denied Roscoe's Motion for Reconsideration on February 26, 2015, and May 21, 2015. However, these Orders are legal nullities, as the trial court no longer had jurisdiction following the filing of the Notice of Appeal. *See* Pa.R.A.P. 1701(a).

Roscoe argues that his allocution in front of the same court a year and a half earlier did not in any way relieve the court of its obligation. *Id.* at 19. Roscoe asserts that the trial court's failure to inform him of his right of allocution at the resentencing hearing requires the reversal of his sentence and remand for resentencing. *Id.*

The Pennsylvania Rules of Criminal Procedure require that "[a]t the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf[.]" Pa.R.Crim.P. 708(D)(1); *see also* Pa.R.Crim.P. 704(C)(1). It is the sentencing court's obligation to inform the defendant of his right to speak prior to sentencing. *Commonwealth v. Thomas*, 553 A.2d 918, 919 (Pa. 1989). Where the trial court fails to inform the defendant of his right, a resentencing hearing is required. *Id.*; *see also Commonwealth v. Hague*, 840 A.2d 1018, 1019 (Pa. Super. 2003) (holding that the failure to afford a defendant the right to allocution requires remand to allow for allocution prior to resentencing). Further, the right to allocution exists in cases where resentencing follows a vacated sentence, notwithstanding a defendant's allocution prior to the original imposition of sentence. *Commonwealth v. Anderson*, 603 A.2d 1060, 1062-63 (Pa. Super. 1992); *see also id.* at 1063 (stating that "[w]hen a judgment has been vacated it is entirely destroyed and the rights of the parties are left as though no judgment has been entered"). "[T]o preserve a claim of error pertaining to the right of allocution, the defendant must raise

the claim before the trial court at the time of sentencing or in a post-sentence motion, or suffer waiver of the claim on appeal." ***Commonwealth v. Hardy***, 99 A.3d 577, 579 (Pa. Super. 2014).

Here, though Roscoe addressed the trial court at his original sentencing hearing, the court vacated Roscoe's sentence on November 26, 2012. **See** Trial Court Opinion, 7/1/15, at 2. The Commonwealth concedes that the sentencing court did not comply with the Pennsylvania Rules of Criminal Procedure at the July 17, 2014, resentencing hearing. **See** Brief for the Commonwealth at 10; **see also** Pa.R.Crim.P. 708(D)(1); Pa.R.Crim.P. 704(C)(1). The sentencing court neither informed Roscoe of his right to allocution, nor did Roscoe address the court before resentencing, and Roscoe properly preserved this issue in a timely Motion for Reconsideration.[4] **See** N.T., 7/17/14, at 3-16; **see also Hardy**, 99 A.3d at 579. Therefore, Roscoe is entitled to a remand for resentencing. **See Thomas**, 553 A.2d at 919; **Hague**, 840 A.2d at 1019; **see also** Brief for the Commonwealth at 10 (conceding that the case must be remanded for resentencing).

As Roscoe's first issue provides grounds for remand for resentencing, we need not address Roscoe's second issue.

Judgment of sentence reversed. Case remanded for resentencing consistent with this Memorandum. Jurisdiction relinquished.

---

[4] While the trial court was not afforded the opportunity to address Roscoe's Motion, we conclude that Roscoe properly preserved the allocution claim.

J-S19031-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2016