J-S27024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSHUA SCOTT SCHAUER, | |
| Appellant | No. 722 MDA 2015 |

Appeal from the Judgment of Sentence March 18, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000761-2012

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS, P.J.E. [*]

CONCURRING MEMORANDUM BY SHOGAN, J.: **FILED JULY 28, 2016**

Upon review of the certified record, I join in the Majority's decision to vacate the judgment of sentence and remand for resentencing. However, I write separately to express my concern regarding the trial court's failure to follow the express dictates of Pa.R.Crim.P. 704.

As the Majority correctly notes, on February 24, 2015, a panel of this Court vacated Appellant's initial judgment of sentence due to the imposition of an illegal mandatory minimum sentence and remanded the case for resentencing. *Commonwealth v. Schauer*, 2019 MDA 2013, 120 A.3d 390 (Pa. Super. filed February 24, 2015). Upon remand, the trial court held a

_____

[*] Former Justice specially assigned to the Superior Court.

brief resentencing hearing on March 18, 2015, and resentenced Appellant to an aggregate term of incarceration of time served to ten years.

Pa.R.Crim.P. 704 sets forth the appropriate procedures to be followed at the time of sentencing.  Specifically, Rule 704(C) provides as follows:

**(C)  Sentencing Proceeding.**

(1)   At the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing.

(2)  **The judge shall state on the record the reasons for the sentence imposed.**

(3)  The judge shall determine on the record that the defendant has been advised of the following:

> (a)  **of the right to file a post-sentence motion and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal**;
>
> (b)  of the rights,
>
>> (i) if the defendant is indigent, to proceed *in forma pauperis* and to proceed with appointed counsel as provided in Rule 122, or,
>>
>> (ii) if represented by retained counsel, to proceed with retained counsel unless the court has granted leave for counsel to withdraw pursuant to Rule 120(B);
>
> (c)   of the time limits within which post-sentence motions must be decided;

(d) that issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion; and

(e) of the defendant's qualified right to bail under Rule 521(B).

Pa.R.Crim.P. 704(C) (emphases added). In addition, the comment accompanying Pa.R.Crim.P. 704 states the following, in relevant part:

The judge should explain to the defendant, as clearly as possible, the timing requirements for making and deciding a post-sentence motion under Rule 720. The judge should also explain that the defendant may choose whether to file a post-sentence motion and appeal after the decision on the motion, or to pursue an appeal without first filing a post-sentence motion.

Paragraph (C)(3) requires the judge to ensure the defendant is advised of his or her rights concerning post-sentence motions and appeal, and the right to proceed with counsel.

The rule permits the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the sentencing proceeding. This written colloquy must be supplemented by an on-the-record oral examination to determine that the defendant has been advised of the applicable rights enumerated in paragraph (C)(3) and that the defendant has signed the form.

Pa.R.Crim.P. 704 cmt. (citation omitted).

As this Court has long stated, "[w]hen a judgment has been vacated it is entirely destroyed and the rights of the parties are left as though no judgment has been entered." *Commonwealth v. Anderson*, 603 A.2d 1060, 1063 (Pa. Super. 1992) (citations and internal quotations omitted). After a judgment is vacated, a defendant is basically being "sentenced anew." *Id*. "Such a *de novo* sentencing resuscitates the duties of the

sentencing court and the rights of the defendant...." ***Id***. Consequently, the requirements of Pa.R.Crim.P. 704 are resuscitated after a judgment of sentence is vacated.

Instantly, my review of the record reflects that the trial judge did offer Appellant the opportunity to make a statement in his own behalf, as required under Pa.R.Crim.P. 704(C)(1). N.T., 3/18/15, at 4. However, the trial judge failed to state on the record the reasons for the sentence imposed as required under Pa.R.Crim.P. 704(C)(2). Moreover, the trial judge failed to determine on the record whether Appellant was advised of his post-sentence and appellate rights as required under Pa.R.Crim.P. 704(C)(3). Indeed, the trial judge's only comments at the time of the sentencing were as follows:

> All right. This was remanded on an issue of a mandatory. I read the Case Law pretty carefully, and the decision of the Court found no merit to the other claims. They basically just said, okay, the two year mandatory is not permissible.
>
> * * *
>
> So what I'm going to do is just a technical resentencing. It's the same thing only we'll just do time served and he's immediately released on parole. All the other conditions will remain the same as they would have previously been imposed.

N.T., 3/18/15, at 4-5. At that point, the resentencing proceedings ended.

Hence, I am compelled to conclude that the trial judge failed to implement the requirements of Pa.R.Crim.P. 704. Specifically, the trial judge did not state on the record the reasons for the sentence imposed as necessitated under Pa.R.Crim.P. 704(C)(2). Also, the trial court did not

apprise Appellant of his post-sentence and appellate rights pursuant to Pa.R.Crim.P. 704(C)(3). These duties imposed upon the trial court were resuscitated after this Court vacated the previous judgment of sentence and remanded for resentencing. **Anderson**, 603 A.2d at 1063. For these reasons, I agree with the Majority that we must vacate the judgment of sentence and remand for further proceedings, which include full and complete compliance with the dictates of Pa.R.Crim.P. 704.