J-S15003-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICARDO NOBLE | : | |
| | : | |
| Appellant | : | No. 420 WDA 2018 |

Appeal from the Judgment of Sentence Entered January 29, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000318-1992

BEFORE:   GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    FILED APRIL 15, 2019

Appellant, Ricardo Noble, pro se, appeals from the judgment of sentence of 40 years to life imprisonment, which was imposed at his resentencing pursuant to his jury trial convictions for murder of the second degree, criminal conspiracy, and robbery.[1]  We affirm in part and remand in part, with instructions.

On October 18, 1991, in Erie, Pennsylvania, Appellant and two other individuals robbed and murdered a cab driver, whose vehicle they were seen entering shortly before the victim's death and whose last contact was with Appellant and his co-defendants, according to cab company records and communications.  Commonwealth v. Noble, Nos. 1770 Pittsburgh 1992 &

_____

[1] 18 Pa.C.S. §§ 2502(b), 903(a)(1), and 3701(a)(1), respectively.

*   Retired Senior Judge assigned to the Superior Court.

1792 Pittsburgh 1992, unpublished memorandum at 1, 5 (Pa. Super. filed February 3, 1994) (citing Trial Court Opinion, filed February 8, 1993, at 25). "At the time of the murder, appellant was 15 years, 8 months of age." Id. at 2.

Prior to trial, Appellant petitioned the trial court "to decertify this case and transfer the matter to Juvenile Court," id. at 1-2, pursuant to 42 Pa.C.S. § 6322(a) of the Juvenile Act,[2] which articulates the procedure for "[t]ransfer from criminal proceedings . . . to the division or a judge of the court assigned to conduct juvenile hearings[.]"  Following "a two-day certification hearing in which testimony was heard from appellant's relatives, friends, teachers and psychologists," the trial court denied Appellant's petition.  Noble, No. 1770 Pittsburgh 1992, at 4.

On June 5, 1992, Appellant was convicted of the aforementioned crimes. On September 28, 1992, Appellant was sentenced "to a term of life imprisonment on the murder charge, and a concurrent term of four (4) to ten (10) years imprisonment on the conspiracy charge." Id. at 1. On February 3, 1994, this Court affirmed Appellant's judgment of sentence. Id. at 14. Appellant petitioned for allowance of appeal to the Supreme Court of

_____

[2] 42 Pa.C.S. §§ 6301-6375.

Pennsylvania, which was denied on August 17, 1994. Commonwealth v. Noble, 647 A.2d 899 (Pa. 1994).

On March 1, 2016, Appellant filed, pro se, a petition pursuant to the Post Conviction Relief Act ("PCRA"),[3] contending that his sentence was illegal. PCRA Petition, 3/1/2016, at 2, 5 & second of two unnumbered pages between pages 5 and 6. On July 19, 2017, the trial court granted Appellant relief, vacating his judgment of sentence but not his convictions and ordering a resentencing hearing scheduled for October 23, 2017. Order, 7/19/2017.

On October 16, 2017, Appellant filed a motion to continue his resentencing hearing, which the trial court granted two days later, scheduling the hearing for December 4, 2017. On November 6, 2017, Appellant filed an ex parte and sealed motion for the appointment of a mitigation specialist, which the trial court granted three days later. On November 27, 2017, Appellant again motioned for a continuance, which the trial court granted, rescheduling the hearing for January 29, 2018. On January 3, 2018, Appellant motioned for the appointment of a psychologist and, on January 16, 2018, motioned for a continuance to allow for a psychological evaluation. On January 18, 2018, the trial court denied both motions.

On January 29, 2018, at the beginning of his resentencing hearing, Appellant personally (and not through counsel) told the trial court that he

---

[3] 42 Pa.C.S. §§ 9541–9546.

- 3 -

disagreed with the recommendation of 20 to 60 years given by his counsel in his pre-hearing sentencing memorandum, and the trial court acknowledged that Appellant "brought it to [the court's] attention[,]" then repeatedly had to instruct Appellant to "have a seat," that he would "be allowed to speak at the re-sentencing hearing at the appropriate time," and that, if he was displeased with his counsel's representation, he could file a motion for ineffective assistance of counsel after the hearing. N.T., 1/29/2018, at 2-4.

Appellant later testified on his own behalf, without interruption by his attorney; however, when he began to protest his innocence, stating that he "did not kill" and "did not rob" the victim and was "a hundred percent innocent of all charges[,]" the trial court prevented him from doing so, explaining that his culpability was not at issue, as he had "already been found guilty of those offenses." Id. at 25, 28-32. The trial court informed Appellant that he could only speak "as to what the [c]ourt should now do with you in terms of sentencing, not as to culpability in the case, because that's already been determined." Id. at 30. Appellant also attempted to make an argument about his "1992 decertification hearing," but the trial court stated that it was "not going to consider that. That's done." Id. at 32.

At the conclusion of the hearing, the trial court resentenced Appellant to 40 years to life imprisonment for murder of the second degree, with no further penalty on the remaining counts. Id. at 64-65. According to the trial court:

> [T]he record does not indicate the Appellant was informed of his right and time to appeal sentence.[2]

- 4 -

<sup></sup>² In Erie County, this has historically been done by the district attorney (or assistant) on the record and before the Court assumes the bench. The completed rights paperwork is then, after being signed by all parties, submitted to the Court for verification and signing. Apparently, this was not done on this occasion.

Trial Court Opinion, filed August 29, 2018, at 2 (internal quotation marks omitted). Appellant did not file a post-sentence motion.

On February 20, 2018, Appellant's counsel filed a motion to withdraw, which the trial court did not address. Despite this pending motion, on March 9, 2018, Appellant's counsel filed a "Motion to Reinstate Appellant's Rights Nunc Pro Tunc" (hereinafter "Motion to Reinstate"), "requesting that th[e trial c]ourt allow Counsel for the Defendant to reinstate Mr. Noble's right to appeal, so Counsel may file the appropriate Notice of Appeal." Motion to Reinstate, 3/9/2018, at ¶ 11. The Motion to Reinstate did not request that Appellant's right to file a post-sentence motion be reinstated. See generally id. The trial court granted the Motion to Reinstate later that month.[4] On March 22, 2018, counsel filed a notice of appeal, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On April 10, 2018,

_____

[4] The order granting the Motion to Reinstate does not appear in the certified record, and we cannot speculate as to whether the order specified that Appellant's right to file a post-sentence motion was also reinstated, particularly as the Motion to Reinstate itself did not actually request such relief. In his brief, Appellant does not state that his right to file a post-sentence motion was reinstated, and, as of the date of this decision, the Commonwealth did not file a brief. The trial court opinion merely stated that "Appellant perfected a timely appeal in this case." Trial Court Opinion, filed August 29, 2018, at 2.

counsel filed another motion to withdraw, which was denied by the trial court on April 30, 2018. On May 7, 2018, the official court reporter filed the notes of testimony from Appellant's resentencing hearing on January 29, 2018. On May 16, 2018, Appellant filed a motion to represent himself. On May 23, 2018, this Court remanded for a Grazier hearing.[5] Following the hearing, on June 15, 2018, the trial court found that Appellant's request to proceed pro se was knowing, intelligent, and voluntary, and it granted said request. On July 5, 2018, Appellant requested the trial court's permission to supplement the concise statement of errors complained of on appeal, which the trial court granted on July 16, 2018. On August 8, 2018, Appellant filed a supplemental concise statement of errors[6] and a motion for correction of resentencing hearing transcript ("Correction Motion"). On August 28, 2018, the trial court denied Appellant's Correction Motion, stating: "Both the Court Stenographer and the Court have certified the record to be accurate and there is no other record or recording of the proceeding." Order, 8/28/2018.

In his pro se brief to this Court,[7] Appellant raises the following issues for our review:

_____

[5] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

[6] The trial court filed its opinion on August 29, 2018, with a supplemental memorandum opinion on November 8, 2018.

[7] Appellant's brief is handwritten and, at times, illegible. We have done our best to discern what he has written throughout his brief, including in his statement of questions involved.

[1.]    Did court err/abuse discretion by not notifying Appellant of right and time to appeal sentence?

[2.]    Did court err and abuse discretion by sentencing Appellant to excessive/bias 40 years to life ignoring ex post facto laws, sentencing Appellant based on consideration of first degree murder, not second degree murder, and after resentencing an alleged co-defendant to 20 to 50 years?

[3.]    Did court err/abuse discretion by denying motion for psychologist to do full evaluation of Appellant to make diagnosis appointed mitigation specialist wasn't qualified, thus, ignoring Appellant's possible and/or actual rehabilitative needs?

[4.]    Did court err/abuse discretion at resentencing hearing by prohibiting Appellant to address/correct false and misleading documents and averments made against Appellant by Appellant's attorney and prosecution in their sentencing memorandums?

[5.]    Did court err/abuse discretion by relying on false, misleading, and inaccurate information to decide sentence?

6.    Was counsel ineffective, err, and prejudice Appellant by maliciously/falsely stating in sentence memorandum that Appellant is guilty without Appellant's knowledge or consent? Appellant always stated (and evidence proved) his innocence of all charges.

7.    Was counsel ineffective, err, and prejudice Appellant by requesting 20 to 60 years sentence in sentence memorandum without Appellant's knowledge or consent, then against Appellant's repeated objections at resentencing hearing?

8.    Was counsel ineffective/err by withholding documents and refusing to communicate with Appellant about case?

9.    Was counsel ineffective/err by only reviewing and agreeing with portion of Appellant's prison file provided by prosecution and prosecution's false/misleading interpretation of it?

10.    Did evidence support a sentence or conviction on felony murder, robbery, conspiracy to robbery, and decertification denial?

11.    Was counsel ineffective/err by not filing sentence reconsideration/modification motion?

12. Did mitigation specialist err and prejudice Appellant by providing incomplete evaluation and report with false/misleading information and giving undermining weak testimony?

13. Did court reporter and/or the court abuse discretion and prejudice Appellant's present and future proceedings by providing inaccurate resentence hearing transcript/transcription? [sic]

Appellant's Brief at 2-3 (emphasis in original) (unnecessary capitalization omitted and issues re-ordered to facilitate disposition).

Appellant first contends that the trial court erred by failing to inform him of his post-sentence and appellate rights after resentencing him and that this failure denied him the opportunity to file a motion to modify sentence. Id. at 35-36.

Pa.R.Crim.P. 704 concerns the procedure to be followed by the trial court at the time of sentencing, including that: "The judge shall determine on the record that the defendant has been advised . . . of the right to file a post-sentence motion and to appeal[ and] of the time within which the defendant must exercise those rights[.]" Pa.R.Crim.P. 704(C)(3)(a) (emphasis added). "Paragraph (C)(3) requires the judge to ensure the defendant is advised of his or her rights concerning post-sentence motions and appeal[.]" Comment to Pa.R.Crim.P. 704 (emphasis added) (citation omitted).[8]

_____

[8] The Comment to Pa.R.Crim.P. 704(C)(3) further explains:

The rule permits the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the sentencing proceeding. This written colloquy must be supplemented by an on-the-record oral examination to determine that the defendant has been advised of the applicable rights

In the current action, the trial court acknowledges that it failed to follow the procedural requirements of Pa.R.Crim.P. 704(C)(3)(a). *See* Trial Court Opinion, filed August 29, 2018, at 2.

However, the trial court asserts that this "error was harmless[.]" *Id.* We disagree. On appeal, Appellant also challenges the discretionary aspects of his sentence. Appellant's Brief at 2, 11-16, 34-35.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720;[9] (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (emphasis added) (quotation marks and some citations omitted), reargument denied (July 7, 2018).

---

enumerated in paragraph (C)(3) and that the defendant has signed the form.

However, nothing in the certified record indicates that a written colloquy was employed in this case.

[9] Pa.R.Crim.P. 720 sets forth post-sentence procedures, including that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1).

In the current matter, "Appellant perfected a timely appeal in this case." Trial Court Opinion, filed August 29, 2018, at 2. Appellant's brief to this Court included a separate section pursuant to Pa.R.A.P. 2119(f). Appellant's Brief at 8-11. For the final requirement, whether the question raised by Appellant is a substantial question meriting our discretionary review --

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

Manivannan, 186 A.3d at 489 (internal citations and quotation marks omitted).

Appellant's Rule 2119(f) statement sets forth the claim that his sentence was "a manifestly excessive . . . and unreasonable 40 years to life[.]" Appellant's Brief at 8. "A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question." Commonwealth v. Derry, 150 A.3d 987, 995 (Pa. Super. 2016) (citation and quotation marks omitted).

In addition, Appellant argues in his Rule 2119(f) statement that the sentence imposed "ignores any possible and/or actual rehabilitative needs of [A]ppellant" and the "prospect of rehabilitation and other mitigating factors." Appellant's Brief at 9. An allegation that the sentencing court failed to consider an appellant's rehabilitative needs constitutes a substantial question, when presented in conjunction with other relevant factors. See, e.g.,

Commonwealth v. Luketic, 162 A.3d 1149, 1160-61 (Pa. Super. 2017); Commonwealth v. Swope, 123 A.3d 333, 340 (Pa. Super. 2015) (claim that failure to consider rehabilitative needs and mitigating factors raised a substantial question); see also, e.g., Commonwealth v. Dodge, 77 A.3d 1263, 1273 (Pa. Super. 2013) (claim that sentencing court disregarded rehabilitation and the nature and circumstances of the offense raised a substantial question); Commonwealth v. Hill, 66 A.3d 365 (Pa. Super. 2013) (claim that sentence was inconsistent with the protection of the public and with appellant's rehabilitative needs raised a substantial question).

The Rule 2119(f) statement finally pleads that "[t]he trial court's actions are inconsistent with [the] sentence code, 42 Pa.C.S. 9721(b), and contrary to the norms underlying the sentencing process." Appellant's Brief at 10. Section 9721(b) requires the sentencing court to "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." Appellant's final argument therefore also raises a substantial question. See Commonwealth v. Buterbaugh, 91 A.3d 1247, 1266 (Pa. Super. 2014) (en banc) ("[a]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question" (citation omitted)).

Thus, the Rule 2119(f) statement raised substantial questions, and the only step that Appellant would have needed to complete to perfect a challenge to the discretionary aspects of sentencing was to preserve the claim at sentencing or in a motion to reconsider and to modify sentence. Manivannan, 186 A.3d at 489.

By failing to instruct Appellant on his right to file a post-sentence motion or to determine on the record that Appellant had been advised of this right, the trial court denied Appellant the opportunity to preserve his challenge to the discretionary aspects of his sentence in a post-sentence motion. There is nothing in the record to indicate that Appellant's right to file a post-sentence motion was reinstated at the time that the trial court reinstated his right file a notice of appeal nunc pro tunc.

In Commonwealth v. DeCaro, 444 A.2d 160, 167-68 (Pa. Super. 1982), when faced with a similar situation where "the trial court[] fail[ed] to inform appellant of her right to file a motion for modification of sentence, and of her obligation to do so within ten days," we "remand[ed] this case to the lower court[,]" instructing the court to "entertain a timely motion for modification of sentence nunc pro tunc." See also Commonwealth v. Koziel, 432 A.2d 1031, 1032 (Pa. Super. 1981) (where the trial court failed "to inform" appellant of "his right to petition for modification of sentence within ten days[,]" this Court remanded to the trial court with directions "to entertain Appellant's motion for modification nunc pro tunc").

For these reasons, we are compelled to reinstate Appellant's right to file a post-sentence motion and to remand to the trial court for further proceedings consistent with this decision. See DeCaro, 444 A.2d at 167; Koziel, 432 A.2d at 1032. Appellant must file his motion for modification of sentence with the trial court within ten days after the certified record is returned to and this memorandum is filed with the trial court. See Pa.R.Crim.P. 720(A)(1); DeCaro, 444 A.2d at 168 (giving Appellant ten days to file modification motion, following the filing of the record and of this Court's opinion with the trial court); Koziel, 432 A.2d at 1032 (same). Due to this remand, we need not address Appellant's remaining challenges to the discretionary aspects of his sentence, re-ordered Issues No. 2 and 5.

Re-ordered Issue No. 3 presents us with a layered claim. This claim initially challenges the trial court's denial of Appellant's request for the appointment of a psychologist and for a mental health evaluation. Appellant's Brief at 16-17. However, this challenge is encompassed in a broader contention that the trial court failed to consider Appellant's rehabilitative needs, including Appellant's mental health rehabilitation, which Appellant argues the trial court could not have fully considered nor understood without an appointed psychologist's mental health evaluation of him. See id.

For the limited evidentiary issue of whether the trial court should have granted Appellant's request for a psychologist to perform a mental health evaluation, our standard of review is: "The admission of evidence is solely

within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion." Manivannan, 186 A.3d at 479.

After a thorough review of the record and Appellant's brief, we conclude that the trial court opinion comprehensively discusses its reasoning for denying Appellant's motions for the appointment of a psychologist and for a mental health evaluation and properly disposes of this question, as follows:

> [T]he [trial c]ourt did not err/abuse its discretion by denying Appellant's Motion for Psychological Evaluation where there was little or no evidence of the necessity for such, and said Motion was filed just prior to sentencing which had already been rescheduled twice at the defense request, and over Commonwealth's objection. The mitigation specialist, whom the Court did appoint and whose full report was admitted, covered all issues as to Appellant's possible or actual rehabilitative needs as did the Appellant and several of his witnesses. Nor has the Appellant set forth any evidence of how specifically this would have advanced the Appellant's cause.

Trial Court Opinion, filed August 29, 2018, at 1-2 (footnote omitted). Accordingly, we find that the trial court did not abuse its discretion in denying Appellant's request for the appointment of a psychologist. See Manivannan, 186 A.3d at 479.

Nevertheless, we make no determination as to Appellant's wider assertion that the trial court did not consider his rehabilitative needs in general, including his mental health rehabilitation, when resentencing him, to the extent that this issue is separate from the evidentiary question of the denial of a mental health evaluation. A claim that a sentencing court failed to consider

rehabilitative needs challenges the discretionary aspects of sentencing. See Dodge, 77 A.3d at 1281 ("42 Pa.C.S. § 9721(b) constrains a sentencing court's discretion in that it requires that any sentence imposed be consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant" (emphasis added) (some additional formatting)). We thus believe that it would be prudent to allow Appellant to raise this question of the trial court's consideration of his rehabilitative needs in a post-sentence motion on remand, if he still desires to do so.[10]

As for Appellant's surviving questions, re-ordered Issue No. 4 appears to be alleging that the trial court denied Appellant his right to allocution at his resentencing hearing. Appellant's Brief at 19 (trial "court err[ed or] abuse[d its] discretion at [the] resentencing hearing by prohibiting Appellant to address/correct false and misleading documents and averments made against Appellant by Appellant's attorney and prosecution"; "[t]he purpose underlying the right of allocution is to give defendants an opportunity to mitigate their punishment" (citing Commonwealth v. Anderson, 603 A.2d 1060 (Pa. Super. 1992))). In support of his argument, Appellant cites to pages 2-4 and

_____

[10] The trial court would then be able to address the extent of its consideration of Appellant's rehabilitative needs, including his mental health rehabilitative needs, in any future opinion. In its current opinion, the trial court's entire analysis of Appellant's rehabilitative needs consists of one sentence: "The mitigation specialist, whom the [trial c]ourt did appoint and whose full report was admitted, covered all issues as to Appellant's possible or actual rehabilitative needs as did the Appellant and several of his witnesses." Trial Court Opinion, filed August 29, 2018, at 2.

- 15 -

30 of the notes of testimony from his resentencing, maintaining that that they establish that the trial court "told [him] that he is not allowed at any time during the resentencing to mention, address, or correct any false or misleading information" in either party's "sentencing memorandums" that he had only received "four days before" the resentencing hearing. Id. at 19-20 (citing N.T., 1/29/2018, at 2-4, 30).

This claim can be decided entirely on the existing record, and, if the allegations in Appellant's brief related to this issue are not supported by the record, the resolution of this question will not implicate the discretionary aspects of his sentence. For that reason, we need not wait until after remand to decide this question.

Pursuant to our review of the record, we find that Appellant was not denied his right to speak on his own behalf at his resentencing hearing. The trial court recognized Appellant's disagreement with the recommended sentence provided by his counsel in a pre-hearing sentencing memorandum. N.T., 1/29/2018, at 2. Appellant then testified, without interruption by his attorney. Id. at 25, 28-32. The trial court only curtailed his arguments and his testimony when he began: to repeat himself about his conflict with his counsel, with the trial court informing Appellant of the proper legal procedure to assert ineffective assistance of counsel; to protest his innocence, with the trial court explaining to Appellant that his culpability was not at issue; or to argue about his decertification hearing. Id. at 3, 30, 32. We thus find no

merit to Appellant's re-ordered fourth issue, and this question shall not again be raised in Appellant's post-sentence motion for modification and reconsideration filed on remand.

Issues No. 6, 7, 8, 9, and 11 allege ineffective assistance of Appellant's resentencing counsel. Appellant's Brief at 2. Ineffective assistance of counsel claims should be deferred until collateral review, and these challenges should not have been raised in this direct appeal of the resentencing. See Commonwealth v. Rivera, 199 A.3d 365, 372 n.3 (Pa. 2018) ("claims of ineffective assistance of counsel generally should be deferred until collateral review" (citation omitted)); Commonwealth v. Delgros, 183 A.3d 352, 358 (Pa. 2018) ("a defendant should wait to raise claims of ineffective assistance of trial counsel until collateral review proceedings" (citation and internal quotation marks omitted)). These questions thereby merit no relief at this time, must not be included in Appellant's post-sentence motion for modification and reconsideration filed on remand, and should be postponed until any future PCRA petition. Additionally, for Issue No. 11, as we have now reinstated Appellant's right to file a post-sentence motion for modification and reconsideration of his sentence, Appellant's eleventh issue is moot in light of remand.

For Issue No. 10, Appellant challenges the trial court's denial of his pretrial petition for transfer of this matter to Juvenile Court and the sufficiency

of the evidence for his convictions.  Appellant's Brief at 41-45.  This Court

previously considered these challenges on direct appeal and concluded:

> From our examination of the record, which included a two-day certification hearing in which testimony was heard from appellant's relatives, friends, teachers and psychologists, we find no abuse of discretion by the trial court in denying appellant's petition for transfer of this matter to Juvenile Court.  The testimony at the certification hearing adequately covered the factors enumerated in . . . the Juvenile Act, however, the trial court found appellant had failed to meet his requisite burden of proof. . . . [T]he evidence, viewed in the light most favorable to the Commonwealth, was sufficient to support the verdict.

Noble, No. 1770 Pittsburgh 1992, at 4-5.  Additionally, pursuant to the relief

requested in his pro se PCRA petition, Appellant was only granted PCRA relief

on his sentence, not his convictions.  PCRA Petition, 3/1/2016, at 2, 5 & second

of two unnumbered pages between pages 5 and 6; Order, 7/19/2017.

Accordingly, neither the issue of transfer to juvenile court nor the sufficiency

of the evidence to support Appellant's convictions is properly before us or the

trial court on remand, and these challenges may not be revived in Appellant's

post-sentence motion on remand.

In Issue No. 12, Appellant appears to be disagreeing with the evidence

of his own mitigation specialist.  Appellant's Brief at 46-49.[11]  This challenge

---

[11] Earlier in his brief, in support of his contention that the trial court erred and abused its discretion by denying him a mental health evaluation, Appellant relied upon the assertion of his mitigation specialist that the "mitigation specialist wasn't qualified to" diagnose Appellant, thereby requiring the appointment of a psychologist, even though the "qualified mitigation specialist [was] needed to, among other things, conduct [a] comprehensive psycho-social history of [A]ppellant[.]"  Appellant's Brief at 16-17.

does not depend on the discretionary aspects of his sentence and can be addressed at this time. Appellant's brief is unclear as to whether Appellant believes that all evidence presented by his mitigation specialist should be stricken or if a new mitigation specialist should be appointed. See id. Nevertheless, not only is there no constitutional guarantee that a defendant will like or agree with the testimony of a mitigation specialist, there is no constitutional right to the appointment of a mitigation specialist at all. See Commonwealth v. Eichinger, 108 A.3d 821, 848 (Pa. 2014) ("the Sixth Amendment guarantees the accused's right to effective assistance of counsel; it does not guarantee his right to a mitigation specialist."); see also Commonwealth v. Baumhammers, 92 A.3d 708, 724 (Pa. 2014) ("There is no per se requirement that . . . counsel must employ a separate mitigation specialist regardless of the other mitigating evidence that is brought forth."). Consequently, Appellant is not entitled to a mitigation specialist, let alone one of whose evidence he approves, and is hence not entitled relief on his twelfth issue, and this issue need not be further considered on remand.

For Issue No. 13, Appellant's Brief at 49-56, as the trial court resentenced Appellant at the conclusion of the resentencing hearing, it did not rely upon the notes of testimony when fashioning the sentence. N.T., 1/29/2018, at 65. Thus, the notes of testimony had no bearing on the discretionary aspects of Appellant's sentence, and there is no benefit to

delaying our decision on this challenge until after proceedings on remand are completed.

> According to Pa.R.A.P. 1922(a):
>
> Upon receipt of the order for transcript and any required deposit to secure the payment of transcript fees the official court reporter shall proceed to have his notes transcribed . . . [Upon filing the notes] with the clerk of the trial court[,] . . . the court reporter shall state that if no objections are made to the text of the transcript within five days . . . , the transcript will become a part of the record. If objections are made the difference shall be submitted to and settled by the trial court.

Pa.R.A.P. 1926(a) similarly requires: "If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court after notice to the parties and opportunity for objection, and the record made to conform to the truth."

In the current action, the notes of testimony for Appellant's resentencing were filed and entered on the docket on May 7, 2018. Appellant filed his Correction Motion on August 8, 2018. Assuming Appellant's Correction Motion can be construed as an objection to the text of the notes of testimony, the Correction Motion should have been filed within five days of the entry of the notes of testimony on the certified docket – i.e., by May 14, 2018.[12] Pa.R.A.P. 1922(a) ("objections are made to the text of the transcript within five days").

---

[12] Five days after May 7, 2018, was Saturday, May 12, 2018. The next business day thereafter was Monday, May 14, 2018. See 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, . . . such day shall be omitted from the computation.").

- 20 -

Appellant's Correction Motion filed on August 8, 2018, thus was more than two months late and, consequently, patently untimely.

Additionally, assuming arguendo that the Correction Motion was not untimely, any question as to the accuracy of the notes of testimony would "be submitted to and settled by the trial court." Id.; Pa.R.A.P. 1926(a) ("the difference shall be submitted to and settled by [the trial] court"); Commonwealth v. Szakal, 50 A.3d 210, 217 (Pa. Super. 2012) ("Objections to the trial transcript are properly settled in the lower court.").

In the current appeal, after the official court reporter certified, "I hereby certify that the proceedings and evidence are contained fully and accurately, to the best of my ability, in the notes taken by me on the trial of the above cause, and that this copy is a correct transcript of the same[,]" N.T., 1/29/2018, at 66, the Honorable Shad Connelly further certified that he "approved" the notes of testimony. Id. The trial court included similar language in its order denying Appellant's Correction Motion: "Both the Court Stenographer and the Court have certified the record to be accurate and there is no other record or recording of the proceeding." Order, 8/28/2018. The trial court also explained:

> [I]t appears the Appellant may have planned to say certain things that he had written down but actually said what was in fact recorded. In any event, even taking all that he claims to have said as accurate, nothing either standing alone or taken together, is of such substance or import as to have resulted in an error which is other than harmless.

Trial Court Memorandum Opinion, filed November 8, 2018. We accept the representations of the court reporter and of the resentencing judge as to the accuracy and completeness of the notes of testimony from the resentencing hearing, and, as any questions as to the correctness of the notes of testimony are properly decided by the trial court, Pa.R.A.P. 1922(a), 1926(a); Szakal, 50 A.3d at 217, we defer to the trial court's determinations about the notes of testimony from Appellant's resentencing hearing. Appellant hence merits no relief on this thirteenth issue, and it also need not be further considered on remand.

In conclusion, the case is remanded to the trial court in order for the trial court to entertain a timely post-sentence motion for modification and reconsideration of sentence nunc pro tunc. Appellant will have ten days, from the filing of the record and of this memorandum in the trial court, in which to file a post-sentence motion for modification and reconsideration in the trial court. Nonetheless, as we have ruled on Appellant's re-ordered fourth and his sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, and thirteenth challenges raised in this appeal, as well as the trial court's denial of Appellant's request for the appointment of a psychologist to perform a mental health evaluation, those claims may not be raised again in Appellant's post-sentence motion and cannot be raised in any future appeal to this Court of the trial court's decision on Appellant's post-sentence motion.

Affirmed in part. Case remanded in part, with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/15/2019